UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JONATHAN HENNESSEY,

    Plaintiff,

v.

ICE FLOE, LLC, d/b/a NICHOLS BROTHERS BOAT BUILDERS,

    Defendant.

Cause No. C20-0835RSL

ORDER GRANTING LEAVE TO AMEND

This matter comes before the Court on "Plaintiff's Motion to Amend Complaint for Damages and Other Relief." Dkt. # 18. Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). There is a "strong policy in favor of allowing amendment" (*Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994)), and "[c]ourts may decline to grant leave to amend only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc." (*Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (internal quotation marks and alterations omitted)). The underlying purpose of Rule 15 is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Having considered the proposed amended complaint, the Court finds that leave to amend

ORDER GRANTING LEAVE TO AMEND - 1

is appropriate. Defendant objects to the addition of intentional infliction of emotional distress and negligent supervision claims on the ground that they are duplicative of plaintiff's discrimination claim and therefore subject to dismissal under Fed. R. Civ. P. 12(b)(6).The Washington Court of Appeals has noted that a negligent infliction of emotional distress claim based on the same facts that give rise to the state law discrimination claim may be duplicative because emotional distress damages are recoverable under the Washington Law Against Discrimination ("WLAD"). "Because the law will not permit a double recovery, a plaintiff will not be permitted to be compensated twice for the same emotional injuries." *Francom v. Costco Wholesale Corp.*, 98 Wn. App. 845, 864-65 (2000). This line of reasoning has been followed only sparingly in the state courts, however, and a number of judges of this district doubt that a mere potential for double recovery warrants dismissal of an otherwise adequately pled claim. The Honorable John C. Coughenour, for instance, has described the import of *Francom* as the avoidance of double recovery, not a bar on pleading in the alternative:

> [T]his issue relates to an award of damages, not the submission of an alternative legal theory to the factfinder. *See Robinson v. Pierce Cnty.*, 539 F. Supp.2d 1316, 1332 (W.D. Wash. 2008) ("[T]he Court declines to dismiss [Plaintiff's] negligent supervision claim merely because it relies on the same factual allegations as his discrimination claim."); *Nygren v. AT&T Wireless Servs., Inc.*, Case No. C03-3928-JLR, Dkt. No. 63, at 2 (W.D. Wash. May 16, 2005) (stating that *Francom* does not require the court to dismiss the emotional distress claims, but instead establishes that a plaintiff "cannot win 'double recovery' under discrimination and negligence theories"). Until such a time as Plaintiff is granted judgment on the WLAD claims, Defendants' concerns regarding a double recovery are premature. *See Maxwell v. Virtual Educ. Software, Inc.*, Case No. C09-0173-RMP, 2010 WL 3120025, at *11 (E.D. Wash. Aug. 6, 2010) (until judgment is granted on a discrimination claim, the issue of a double recovery is prematurely asserted). The Court declines to dismiss the Intentional

ORDER GRANTING LEAVE TO AMEND - 2

Infliction of Emotional Distress claims.

*Neravetla v. Virginia Mason Med. Ctr.*, No. C13-1501-JCC, 2014 WL 12787979, at *5 (W.D. Wash. Feb. 18, 2014). *See also Ngo v. Senior Operations*, LLC, No. C18-1313RSL, 2020 WL 2614737, at *7 (W.D. Wash. May 22, 2020) (declining to dismiss an emotional distress claim "simply because it raises the specter of a double recovery. Parties are permitted to assert claims in the alternative, and any concerns regarding the appropriate calculation of damages at trial can be addressed in the verdict form or, if need be, the remittitur process."). Because the tort claims would not be subject to dismissal as duplicative, the proposed amendment is not futile.

Defendant requests, in the alternative, that if leave to amend is granted, it should be given an opportunity for additional interrogatories and time in which to depose plaintiff regarding the new aspects of his amended complaint. Plaintiff did not respond to this request.

For all of the foregoing reasons, plaintiff's motion to amend is GRANTED. Plaintiff may, within fourteen days of the date of this Order, file a second amended complaint substantially in the form of Dkt. # 19-3. Defendant is permitted to serve up to a total of 28 interrogatories and to depose plaintiff for an additional 90 minutes regarding the new aspects of the amended complaint.

Dated this 1st day of February, 2021.

*MW S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING LEAVE TO AMEND - 3